**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDRE WOODS,

      Petitioner,               Civil No. 02-60109-AA
                                  HONORABLE MARIANNE O. BATTANI
v.                               UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

      Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Before the court is petitioner's *pro se* motion for relief from judgment filed

pursuant to Fed. R. Civ. P. 60(b)(6)  For the reasons stated below, the Court

construes petitioner's motion as a second or successive petition for habeas relief

and will transfer the matter to the United States Court of Appeals pursuant to 28

U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas

petition.

## I.  Background

Petitioner previously filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, in which he challenged his convictions out of the Detroit

Recorder's Court for four counts of first-degree murder, one count of assault with

intent to commit murder, and one count of possession of a firearm in the

commission of a felony.  On April 30, 2003, this Court issued an opinion and

order denying a petition for writ of habeas corpus. *Woods v. Romanowski,*

1

U.S.D.C. No. 02-60219-AA (E.D. Mich. April 30, 2003); *appeal dism.* U.S.C.A. No. 03-1697 (6th Cir. October 14, 2003); *cert. den.* 541 U.S. 978 (2004).

Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), in which he claims that this Court incorrectly denied the actual innocence claim [Claim # 8] that he raised in his first petition. Petitioner claims that he is entitled to relief from judgment from the denial of his actual innocence claim, based upon an intervening change of law, in light of the United States Supreme Court's holding in *House v. Bell,* 126 S. Ct. 2064 (2006), which was decided subsequent to the adjudication of petitioner's first habeas application.

## II.  Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of

2

Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct. 2641, 2647 (2005). Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 2649.

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition, because the motion seeks to advance a claim that this Court previously considered and dismissed on substantive, constitutional

3

grounds. *See Post v. Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005). Contrary to petitioner's contention, his Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas corpus proceedings, but instead reasserts the substance of petitioner's actual innocence claim and therefore constitutes an impermissible attack on this Court's previous resolution of the claim on the merits. *See Henderson v. Collins,* 184 Fed. Appx. 518, 523-24 (6th Cir. 2006). In other words, petitioner's Rule 60(b) motion seeks the vindication of, or advances, his prior actual innocence claim because petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. *Post,* 422 F. 3d at 424-25 (citing *Gonzalez,* 125 S. Ct. at 2647-48). Because the Rule 60(b) motion qualifies as a second or successive habeas petition, petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition.

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits. Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this

being a second or successive petition, it is appropriate for the court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer Petitioner's Motion for Relief From Judgment [Court Docket Entry # 58] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 23, 2008

## CERTIFICATE OF SERVICE

       I hereby certify that on the above date a copy of this order was served upon all parties of record.

s/Bernadette M. Thebolt
Deputy Clerk
